UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL HAYMAN, M.D.                                CIVIL ACTION

Versus                                              NO. 11-1261

MICHAEL FEIN, ET AL.                                SECTION "F"

ORDER AND REASONS

Before the Court is EisnerAmper's motion to dismiss.  For the following reasons, the motion is DENIED.

**Background**

The facts of this case have been stated in another Order and Reasons.  Defendant EisnerAmper audited the financial statements of the Funds.  These financial statements were then provided to Hayman, who alleges that EisnerAmper failed to properly value the Fund investments, and as a result overvalued them.  Plaintiff charges that EisnerAmper should have known that the Funds were using accounting methods which had a tendency to inflate their value.  Hayman brings negligence and fraud claims against EisnerAmper.

II.

EisnerAmper asks the Court to dismiss plaintiff's claims for negligence and fraud.  Defendant claims that with respect to the negligence claim, plaintiff has failed to allege privity, which is required under the applicable New York law.  Defendant also contends that plaintiff has failed to show reliance and scienter

1

with respect to his fraud claim.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). In deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

Although the plaintiff and EisnerAmper are not in privity with one another, their relationship sufficiently approaches privity under Credit Alliance Corp. v. Arthur Andersen & Company, 483 N.E.2d 110 (N.Y. 1985). EisnerAmper knew that its materials would be distributed to investors, which included the plaintiff.

On the issue of reasonable reliance, plaintiff has pled enough to demonstrate that he relied on EisnerAmper's work in deciding to invest in the Funds. Plaintiff states that he relied on EisnerAmper's evaluation of the Funds' financial materials and, as such, based his decision to invest in part on

EisnerAmper's implicit validation of those materials.

The Court finds that plaintiff has also pled scienter with requisite particularity to survive a motion to dismiss.  Under the most indulgent applicable New York standard, a plaintiff must demonstrate "some rational basis for inferring that the alleged misrepresentation was knowingly made."  <u>Houbigant v. Deloitte and Touche LLP</u>, 303 A.D.2d 92, 93 (N.Y. App. Div. 1st Dep't 2003).  Plaintiff has done this by alleging that the accounting methods used to value the Funds were inappropriate, and should have been recognized as inappropriate by EisnerAmper.

Accordingly, IT IS ORDERED: The defendant's motion is DENIED.

New Orleans, Louisiana, October 19, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE