UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL HAYMAN, M.D. | CIVIL ACTION |
| Versus | NO. 11-1261 |
| MICHAEL FEIN, ET AL. | SECTION "F" |

<u>ORDER AND REASONS</u>

Before the Court is the defendants' motion to compel arbitration, or in the alternative, to dismiss.  For the following reasons, the motion is DENIED.

## **Background**

This is a securities fraud case.  Plaintiff, Michael Hayman, invested in Funds controlled by defendants Michael Fein, Stephen Salzstein, and RAM Capital Resources, LLC in the summer of 2007. Plaintiff questioned Mr. Fein and Mr. Salzstein as to whether any of the Funds were under investigation by the Securities and Exchange Commission and allegedly received assurances that they were not.  In summer 2009, Hayman discovered that the Funds had in fact been under SEC investigation.  Further, Hayman alleges that he discovered at that time that the Funds were overvalued.

In May 2011, plaintiff filed suit in this Court, alleging a violation of § 10(b) of the Securities Exchange Act of 1934, fraud or fraud in the inducement, breach of fiduciary duty, rescission of contract, nullity, breach of contract, unjust enrichment, piercing the corporate veil, tortious interference

1

with contract, and accounting. All but two of plaintiff's claims sought damages of at least three million dollars. In response, defendants moved to compel arbitration of plaintiff's claims, based upon a provision in the parties' subscription agreement that all claims for "money damages" had to be arbitrated. Before the Court ruled on the motion to compel, plaintiff filed an amended complaint, which listed only four causes of action against the defendants: fraud in the inducement, rescission of contract, nullity, and unjust enrichment.

I.

There is a "strong federal policy in favor of enforcing arbitration agreements." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985). The Federal Arbitration Act states that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration. . . the court. . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .

9 U.S.C. § 3. The FAA requires district courts to "compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made." Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co., 767 F.2d 1140, 1147 (5th Cir. 1985). Agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

II.

Plaintiff does not dispute that a valid arbitration provision exists between the parties. The only dispute is over whether this dispute comes within the scope of the arbitration agreement.

The parties' arbitration provision, embodied in the various subscription agreements, requires the arbitration of all suits for "money damages." Plaintiff contends that he is seeking remedies such as restitution and rescission, which are traditionally equitable remedies. Accordingly, plaintiff contends that his suit is not one for "money damages," in the narrow sense of that term. The Court agrees.

The term "money damages" has a specific legal meaning. As the Fifth Circuit explained,

> In addition, the meaning of the phrase "money damages" is narrowly construed. See Bowen v. Massachusetts, 487 U.S. 879, 893 (1988) ("The fact that a judicial remedy may require one party to pay money to another is not sufficient reason to characterize the relief as 'money damages.' "). "Money damages" normally refers to a sum of money used as compensatory relief. Id. at 897.

Phillips Petroleum Co. v. Johnson, 1994 WL 484506, at *1 (5th Cir. 1994) (citing Bowen v. Massachusetts, 487 U.S. 879, 893 (1988)). Plaintiff is correct that his amended complaint seeks relief that is not compensatory, but is instead equitable. Mindful of the injunction that arbitration agreements are

3

contracts, and are intended only to cover the kinds of disputes the parties agreed to arbitrate, the Court will not compel arbitration of this case.

## III.

Defendants also ask the Court to dismiss plaintiff's claim for fraud because plaintiff cannot show reasonable reliance because of the disclaimers in the subscription agreements he signed, and because he has not shown scienter.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). In deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

On the issue of reasonable reliance, plaintiff persuasively argues that he falls within the "peculiar knowledge" exception. See DIMON, Inc. v. Folium, Inc., 48 F.Supp.2d 359, 368 (S.D.N.Y.

4

1999)("The New York cases recognize that the peculiar knowledge exception applies not only where the facts allegedly misrepresented literally were within the exclusive knowledge of the defendant, but also where the truth theoretically might have been discovered, though only with extraordinary effort or great difficulty.").

The Court also finds that plaintiff has pled scienter with requisite particularity to survive a motion to dismiss. Under the applicable New York law, which applies, a plaintiff need only demonstrate "some rational basis for inferring that the alleged misrepresentation was knowingly made." <u>Houbigant v. Deloitte and Touche LLP</u>, 303 A.D.2d 92, 93 (N.Y. App. Div. 1st Dep't 2003). Plaintiff has done this by alleging that the SEC investigation was already underway at the time the defendants told him to the contrary, thereby providing a motive for the defendants to misrepresent the truth to plaintiff.

Accordingly, IT IS ORDERED: The defendant's motion is DENIED.

New Orleans, Louisiana, October 19, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE